SEVEN–UP BOTTLING CO. OF LOS ANGELES, Inc., v. UNITED STATES.

No. 45868.

Court of Claims.

Dec. 2, 1946.

Roger Robb, of Washington, D. C., (Burr Tracy Ansell, of Washington, D. C., on the brief), for plaintiff.

J. Frank Staley, of Washington, D. C., and John F. Sonnett, Asst. Atty. Gen. (Leavenworth Colby, of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

JONES, Judge.

On February 1, 1942, the United States Maritime Commission requisitioned and took the yacht Geoanna which belonged to the plaintiff.

The question at issue is the value of the yacht at the time of the taking.

On June 2, 1942, the War Shipping Administration determined the sum of $20,000 to be just compensation for the Geoanna and offered to pay plaintiff such sum as just compensation.

Plaintiff declined the offer.

Thereafter the defendant paid the plaintiff the sum of $15,000, representing 75% of the amount theretofore determined.

The plaintiff sues for the balance which it claims is due.

The yacht was built in 1934 by the Craig Shipbuilding Company. The approximate cost was $120,000.

Plaintiff purchased the yacht from the original owner in 1938 at a cost of $60,000. It added by way of improvements, equipment and replacements items totaling $8,452.65; thus the toal cost to plaintiff was $68,452.65.

While there was a market for vessels of this type prior to Pearl Harbor, the restrictions which the Government placed on the use of waters after December 7, 1941, were such that there were practically no commercial sales after that time and therefore no well-established market.

In arriving at the fair and reasonable value of the Geoanna on February 1, 1942, we must take into consideration the conditions that prevailed and the intrinsic value of the vessel. Illinois Pure Aluminum Co. v. United States, Ct. Cl., 67 F.Supp. 955.

We find the fair and reasonable value of the vessel on that date to be $30,000. This is in accord with the testimony of those witnesses who were more experienced and were in a position to be best informed on such facts.

If the Government had not requisitioned the vessel it would have been compelled to remain largely in a lay-up status during the period of the war. While she was in this status a skeleton crew at a cost of $575 a month would have been required to care for the vessel. Then, too, it was necessary to incur painting and other upkeep expense, and there would necessarily have been some depreciation. Anyone purchasing her would have been compelled to take these facts into consideration. If, therefore, we were to accept the testimony of plaintiff's witnesses as to the market value just prior to December 7, 1941, anyone purchasing her would have necessarily subtracted the crew cost of maintaining the vessel for the probable war period, plus replacements, upkeep and depreciation. This course would arrive at substantially the same result.

We find that plaintiff is entitled to recover the sum of $15,000 with interest at the rate of 4 percent per annum from February 1, 1942, not as interest but as a part of just compensation, together with interest on $15,000 from February 1, 1942, to January 27, 1943, the date when the original $15,000 was paid. A. D. Walker & Co. v. United States, 105 Ct. Cl. 553.

It is so ordered.

MADDEN, WHITAKER, and LITTLETON, Judges, concur.

WHALEY, Chief Justice, took no part in the decision of this case.