### BALTIMORE STEAM PACKET CO. v. UNITED STATES.

### No. 47089.

United States Court of Claims.

Jan. 3, 1948.

716

Louis F. Carroll, of New York City (Wilkie, Owen, Farr, Gallagher & Walton, Mark F. Hughes and William E. Bennett, all of New York City, on the brief), for plaintiff.

John B. Miller, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN, and HOWELL, Judges.

JONES, Chief Judge.

This case involves the value of the vessel Yorktown, her equipment and furnishings, on July 13, 1942.

On July 13, 1942, the War Shipping Administration, pursuant to Section 902 of the Merchant Marine Act of 1936, as amended, 53 Stat. 1255, 46 U.S.C.A. § 1242, and Executive Order No. 9054, 50 U.S.C.A.Appendix, § 1295 note, 7 Fed.Reg. 837, requisitioned title to and took possession of the vessel together with her equipment and furnishings. On July 3, 1945, the Administrator of the War Shipping Administration determined that just compensation for the Yorktown was the sum of $425,000, plus an allowance for delay in payment calculated at the rate of ⅞ of 1% per annum from July 13, 1942, to June 29, 1945.

The offer of payment on this basis was rejected. The plaintiff was paid 75% of the administrator's determination.

Plaintiff asserts that the reasonable value of the vessel at the time of the taking was $1,237,134. It sues for that amount plus interest at the rate of 6% per annum from the time of taking, less credit for the amount of the payment already made.

The Yorktown is a combination freight and passenger vessel with a steel hull and wooden superstructure. She was built in 1928. A complete description is set out in finding 4. She had 110 salable staterooms and was licensed to carry from 309 to 350 passengers, depending on the season of the year. She was classified by the American Bureau of Shipping with the highest rating given by the Bureau for this class of vessel. Throughout the entire period of operation the vessel had been carefully maintained and was in excellent condition. She had an easy sheltered run in Chesapeake Bay between Baltimore and Yorktown. The wear and tear on the vessel was less than it would have been had she been operating on the high seas. She had a remaining probable useful life in the service in which she had been operating of twenty-six years.

The original cost of the Yorktown, including furnishings, was $883,993.69. Additions and betterments were made after construction and prior to the date of requisition at a cost of $26,845.28.

Prior to June 29, 1941, the Yorktown was insured for $600,000. On that date the insurance was increased to $900,000, which amount was being carried at the time of the taking.

The ship had been designed especially for the Baltimore-Norfolk trade and varied in design and size from other types of river and harbor boats. There were no sales of vessels of comparable age, size and characteristics in 1940, 1941 or 1942 upon which a market price can be established. The demand for cargo vessels of all kinds in the years 1942 was abnormal and had there been no Governmental restrictions on sales the Yorktown could have been sold for more than her sales price would have been in ordinary times.

Defendant took possession of the vessel's hotel equipment when it requisitioned the vessel. The equipment was in good and serviceable condition, items having been replaced from time to time, and when requisitioned was adequate to serve the needs for which it was originally purchased. The original cost of this equipment was $36,285.14. The only specific evidence which tends to reflect its market value at the time of taking was that of one witness who, in arriving at his aggregate appraised value of the entire vessel, included the cost price of the hotel equipment and subjected it to the rate of depreciation he applied to the reproduction cost of the vessel. We

believe that the original cost of such hotel equipment depreciated at the rate hereinafter found appropriate represents the value of such equipment on the date of taking as disclosed by the available testimony in the record.

After the ship was constructed and in operation, the rules and regulations governing the construction and operation of ships were changed to require certain safety features in the construction of new ships. These rules applied only to new vessels and the Yorktown was not required to and had not undergone alterations incorporating these features. To build a ship exactly like the Yorktown at the shipyard as of July 13, 1942, without hotel equipment and without the additions and betterments mentioned above, would have cost $1,364,000. The additional cost of incorporating the changes necessary to comply with the new rules and regulations would have been $159,753.

The appraisals of the experts who gave their opinions as to the value of the vessel and equipment at the time of the taking varied widely.

The method of reaching our conclusion as to the value of the vessel and equipment is the same as that used in the case of Baltimore Steam Packet Co. v. United States, 81 F.Supp. 707, in which the value of a companion vessel, the State of Virginia, which was built for the same purposes and which was being operated between the same points, was determined. The witnesses were the same, she was a companion vessel, and a description of that method will not be repeated here. The same principles apply. The chief differences were the ages and sizes of the two vessels and these variations have been considered in arriving at the value at the time of the taking.

Considering the entire record we find that the fair and reasonable value of the Yorktown on July 13, 1942, was $815,-000. Standard Oil Co. v. Southern Pacific Co., 268 U.S. 146, 156, 45 S.Ct. 465, 69 L.Ed. 890; Seven-Up Bottling Co. v. United States, 68 F.Supp. 735, 107 C.Cl. 402, 404. Plaintiff has been paid the sum of $318,750, together with $8,260.21 on account of delay in payment to June 29, 1945.

Plaintiff is entitled to recover $496,250 with interest at the rate of 4% per annum from November 14, 1945, to the date of payment. Plaintiff is also entitled to recover interest at the rate of 4% per annum on $815,000 from July 13, 1942, to November 14, 1945, less a credit of $8,260.21, the amount paid by the Government on November 14, 1945, as compensation for delay in payment to June 29, 1945. These items of interest are allowed not as interest but as a part of just compensation.

It is so ordered.